**O**

# United States District Court
# Central District of California

| | |
|---|---|
| OTTER PRODUCTS LLC; TREEFROG DEVELOPMENTS, INC. d/b/a LIFEPROOF,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ACE COLORS FASHION, INC.; ELECTRONICOS; SHAYNA'S CELL PHONE ACCESSORIES; VANESSA ACCESSORIES; DOES 1–10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-00141-ODW(ASx)<br><br>**ORDER TO SHOW CAUSE Re: ADEQUACY OF SERVICE TO DEFENDANT ELECTRONICOS [45]** |

　　On January 07, 2014, Plaintiffs Otter Products, LLC and Treefrog Developments, Inc. filed a trademark-infringement suit against Defendant Electronicos and other parties. (ECF No. 1.) On April 28, 2014, Plaintiffs filed a motion requesting entry of default judgment against Electronicos. (ECF No. 45.) In reviewing the papers, the Court has noted a potential problem with the notice as served to Electronicos on March 14, 2014, regarding the recipient of the service. (ECF No. 26.)

The Federal Rules of Civil Procedure allows four possible avenues of proper service to an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e). An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process.

*Id*.

It is unclear whether Plaintiffs have fully complied with this notice requirement. Plaintiffs state in their proof of service that the summons and complaint were served to "Pedro Perez, Person In Charge, who is designated by law to accept service of process on behalf of Electronicos." (ECF No. 26.) This suggests compliance with Rule 4(e)(2)(C). However, Electronicos is an unknown business entity and there is no indication as to its legal status. (Compl. ¶ 4.) As such, there is no way for the Court, or the Plaintiffs, to know who the appropriate service agent is. Service to the appropriate, legally-designated agent is a practical impossibility. For this reason, notice is improper under Rule 4(e)(2)(C).

As this Court is located in the Central District of California, Plaintiffs may satisfy service under Rule 4 by complying with California state law. *See* Fed. R. Civ. P. 4(e)(1). California law permits that when service cannot be personally delivered to the person to be served, a summons may be served by leaving a copy of the summons and the complaint at the individual's "usual place of business" in the presence of "a person apparently in charge of his or her office, [or] place of business . . . at least 18

years of age." Cal. Civ. Proc. Code § 415.20(b). Additionally, a copy of the summons and complaint must be mailed by first-class mail "to the person to be served at the place where a copy of the summons and complaint were left." *Id*.

It appears that Plaintiffs may have been attempting to comply with this rule of service. Personal service at Electronicos's place of business and the inclusion of Mr. Perez's status as "Person In Charge" and a description of Mr. Perez, including his age, mirrors some of the requirements of section 415.20(b). (ECF No. 26.) However, it remains unclear whether Plaintiffs actually mailed the necessary copy of the summons and complaint to Electronicos.

Accordingly, the Court **ORDERS** Plaintiffs **TO SHOW CAUSE** in writing by **Monday, June 16, 2014**, why the Plaintiff's Application for Default Judgment should not be denied for lack of adequate notice. No hearing will be held; Plaintiffs shall respond in writing. Failure to timely respond will result in denial of the default-judgment application.

**IT IS SO ORDERED.**

June 9, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3