O

# United States District Court
# Central District of California

| | |
|---|---|
| OTTER PRODUCTS LLC; TREEFROG DEVELOPMENTS, INC. d/b/a LIFEPROOF,<br><br>            Plaintiff,<br><br>    v.<br><br>ACE COLORS FASHION, INC.; ELECTRONICOS; SHAYNA'S CELL PHONE ACCESSORIES; VANESSA ACCESSORIES; DOES 1–10, inclusive,<br><br>            Defendants. | Case No. 2:14-cv-00141-ODW(ASx)<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELECTRONICOS [45]** |

## I. INTRODUCTION

Plaintiffs Otter Products, LLC ("OtterBox") and Treefrog Developments, Inc., dba LifeProof ("LifeProof") discovered that Defendant Electronicos was selling unauthorized goods bearing Plaintiff's registered trademarks. Plaintiffs filed suit for trademark-infringement against Defendant Electronicos and other parties. (ECF No. 1.) Electronicos was served with a Summons and Complaint on March 14, 2014, with personal service to Pedro Perez, the "person-in-charge" at Electronicos. (ECF No. 26.) On April 28, 2014, Plaintiffs filed a motion requesting entry of default

judgment against Electronicos. (ECF No. 45.) After reviewing the Plaintiffs' motion, the Court issued an Order to Show Cause why Plaintiffs' application should not be denied for lack of adequate notice. (ECF No. 51.) Since Plaintiffs failed to respond to that Order, the Court **DENIES** Plaintiffs' Application for Default Judgment Against Defendant Electronicos.[1] (ECF No. 45.)

## II. DISCUSSION

Plaintiffs failed to respond to the Court's Order to Show Cause regarding the defect in service to Electronicos.[2] Plaintiff also has not provided sufficient information to show proper service of Electronicos under any provision of Federal Rule of Civil Procedure 4. The Court therefore cannot grant default judgment.

The Federal Rules of Civil Procedure provide four possible avenues of service to an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e). A Plaintiff may serve individual by (1) following state law for serving a summons of the state where the district court is located, (2) delivering a copy of the summons and of the complaint to the individual personally, (3) leaving a copy of the summons and the complaint at the individual's dwelling or usual place of abode with a resident of suitable age, or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service. *Id.*

As this Court is located in the Central District of California, Plaintiffs may satisfy service by complying with California state law. *See* Fed. R. Civ. P. 4(e)(1). California law permits that a summons may be served by leaving a copy of the summons and the complaint at the individual's "usual place of business" in the presence of "a person apparently in charge of his or her office, [or] place of business . . . at least 18 years of age." Cal. Civ. Proc. Code § 415.20(b). In such a case, the plaintiff must send a copy of the summons and complaint via first-class mail "to the

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] The Court specifically warned Plaintiffs in its Order to Show Cause that failure to timely respond to the Order would "result in denial of the default-judgment application." (ECF No. 51, at 2.)

person to be served at the place where a copy of the summons and complaint were left." *Id*.

Plaintiff has not provided Defendant Electronicos with proper service under Rule 4. In their Proof of Service, Plaintiffs indicate compliance with Rule 4(e)(2)(C). Plaintiffs state that the Summons and Complaint were served to "Pedro Perez, Person In Charge, who is designated by law to accept service of process on behalf of Electronicos." (ECF No. 26.) However, as Electronicos is an unknown business entity, of unknown legal status, there is no way for Plaintiffs, or the Court, to know who the appropriate service agent is. (*See* Compl. ¶ 4.) Service to the appropriate, legally designated agent is a practical impossibility. For this reason, notice is improper under Rule 4(e)(2)(C).

Moreover, Plaintiff failed to comply with the service requirements under California law as well. Plaintiff complied with the first requirement of California law by personally serving Perez, the person allegedly in charge, at Electronicos's place of business. (ECF No. 26.) However, Plaintiff has failed to provide any proof that they complied with the mailing requirement of section 415.20(b). As such, service was not properly provided as required under Rule 4(e)(1). Plaintiff failed to meet the requirements of any provision of Rule 4(e) and thus, service was improper.

### III.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Application for Default Judgment Against Defendant Electronicos. (ECF No. 45.)

**IT IS SO ORDERED.**

June 18, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3